*1077 OPINION.
Tkammell :
The deficiency involved in this proceeding was determined by the respondent against, and the deficiency notice mailed to, the Alabama By-Products Corporation, the parent corporation. This action of the respondent was taken pursuant to an agreement among the affiliated corporations to the effect that any tax due by the affiliated group should be assessed against and paid by the said parent corporation. The three subsidiary corporations have joined with the parent as petitioners, notwithstanding no liability has been asserted against them directly and no deficiency notice mailed to any of them. We have no jurisdiction to redetermine the tax liability of the subsidiaries (Phoenix National Bank et al., 14 B. T. A. 115), except for the purpose of determining the liability of the petitioner, Alabama By-Products Corporation, under its agreement to pay the tax due by the affiliated group.
The only issue presented for consideration here is one of law, namely, whether the excess of net loss, sustained in 1919, over the net income for 1918, of a corporation which in 1920 became a member of a group of affiliated corporations, may be deducted from the consolidated net income of such group for 1920.
The Eevenue Act of 1918 piovides, in respect of net losses, as follows:
(b) If for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920, it appears upon tbe production of evidence satisfactory to tbe Commissioner that any taxpayer has sustained a net loss, the amount of such net loss shall under regulations prescribed by the Commissioner with the approval of the Secretary be deducted from the net income of the taxpayer for the preceding taxable year; and the taxes imposed by this title and by Title III for such preceding taxable year • shall be redetermined accordingly. * * * If such net loss is in excess of the net income for such preceding taxable year, the amount of such excess shall under regulations prescribed by the Commissioner with the approval of the Secretary be allowed as a deduction in computing the net income for the succeeding taxable year. (Section 204.)
*1078 The petitioner corporations were affiliated during the period from March 1 to December 31, 1920, within the meaning of section 240 of the Revenue Act of 1918.
Section 204 is a relief provision, designed to alleviate hardship resulting from the imposition of a tax on the income received in one year in those cases where a taxpayer suffers a loss in the succeeding year. Such a loss may, in accordance with the provisions of section 204, be offset against the income of the taxpayer for the preceding year, and in the event that such loss exceeds the income of the preceding year, the excess is allowable as a deduction in computing the net income for the succeeding year. This relief is, by the express terms of the statute, given to “ any taxpayer ” who has suffered a “ net loss ” for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920.
Each corporation in the affiliated group is a “taxpayer,” as defined by section 1 of the statute, otherwise, we would have the anomalous situation where corporations were assessed and paid taxes, and yet were not “ taxpayers.” The fact that for the purpose of the computation of the tax in the first instance, the corporations are considered as a unit, does not mean that the separate corporations are not “ taxpayers.” See Cincinnati Mining Co., 8 B. T. A. 79; New York Talking Machine Co., 13 B. T. A. 154; Rockwood Sprinkler Co., 13 B. T. A. 393; Crystal Block Coal & Coke Co., 15 B. T. A. 600. Each individual corporation is a taxpayer and the same taxpayer, regardless of the fact that for one year it is and for another year it is not, affiliated with other corporations.
We do not believe that it was the intention of Congress to deprive any taxpayer of the benefits afforded by section 204 by the statutory provision relating to consolidated returns. In our opinion there is nothing contained in the statute, either in express terms or by necessary implication, which would deprive a corporation of the benefit of the net loss provision of the statute merely because it was affiliated with another corporation.
Since, under the statute, each member of an affiliated group is a “ taxpayer ” and the relief granted by section 204 is given to “ any taxpayer,” it is our opinion that an affiliated corporation, which suffered a net loss in 1919, prior to the beginning of the period of affiliation, and which net loss exceeded the amount of its net income for 1918, is entitled to deduct the excess of such net loss from its individual net income for 1920, and to that extent the consolidated net income is thus reduced.
However, if the corporation which sustained the net loss in 1919 has no individual net income for 1920, the excess of such net loss *1079 over its 1918 net income may not be taken as a deduction, for the reason that such taxpayer has no income from which it can be deducted, and a net loss sustained by one taxpayer may not be deducted from the net income of another taxpayer or group of taxpayers, even though it be an affiliated corporation and included in a consolidated return with another or other corporations.
Applying the foregoing principles to the facts in the instant case, it follows that the excess of the 1919 net loss of the Majestic Coal Co. over its 1918 net income in the amount of $76,887.75 can not be allowed as a deduction for 1920, since that corporation had no individual net income for 1920.
The Birmingham Coke & By-Products Co. had an individual net income of $28,708.07 for the period March 1 to December 31, 1920, and, while the amount of its net loss for 1919, in .excess of its net income for 1918, in the amount of $3,584.05, can not be applied directly as a deduction in computing the consolidated net income of the affiliated group, it should be allowed as a deduction from the individual net income of this company for said period ended December 31,1920, and thus, to that extent, the consolidated group has the benefit of such net loss.
The respondent relies on previous decisions of the Board in support-of his contention that the net loss here is not deductible. But we do not consider our previous decisions inconsistent with the conclusion here reached. American Steel Co., 7 B. T. A. 641, in fact is in accord with our conclusion in this case. We there held that the net loss, suffered in 1919 by one corporation which itself had no net income either in 1918 or 1920, was not deductible.
The facts in the case of Sweets Company of America, 12 B. T. A. 1285, are clearly distinguishable from the facts in this case, notwithstanding certain language used as to the principle involved, we think that the result is not contrary to our decision here. In the case of Owensboro Conserve Co., 8 B. T. A. 615, there were no facts as to the separate incomes of the individual corporations during 1918 or 1920 and no facts as to whether the net loss occurred while affiliated or not. In that case we said:
The Board is unable to determine what net loss, if any, should be used to reduce the net income of the petitioner for the calendar year 1918.
Reviewed by the Board.

Judgment will be entered u/nder Bule 50.